UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEY L.A.C. MARQUARD,<br>Plaintiff,<br>v.<br>CITY OF YUBA CITY, et al.,<br>Defendants. | No. 2:26-cv-03463-TLN-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration listing her income and expenses and averring an inability to pay the costs of this proceeding. The motion to proceed IFP (ECF No. 2) will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

## I. SCREENING

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff's complaint lists herself as Plaintiff and also doing business as Heaven Can Wait. ECF No. 1 at 1. Plaintiff can represent herself pro se, but she cannot represent another person or business entity pro se. *See In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). Plaintiff names over 30 defendants, including a city, a police department, government officials, and private actors. *Id*. at 2. The listing of Defendants consumes the first 19 pages of the complaint.

Plaintiff asserts jurisdiction based on 42 U.S.C. § 1983. *Id*. at 21. Plaintiff alleges her First and Fourteenth Amendment rights were violated. Plaintiff alleges the events she complains of occurred between June 1, 2021 and June 18, 2025, with additional retaliatory actions occurring through September 2026. *Id*. at 22. Plaintiff alleges she lived at New Haven Court, a permanent supportive housing program, in Yuba City and that there was a "pattern of severe felony crimes" occurring on the property, including sexual assault. *Id*. at 23. Plaintiff also alleges she was a "licensed sole proprietorship service provider operating under the business name Heaven Can Wait." *Id*. Plaintiff appears to allege that she was active in the community reporting crime and assisting others, and that as a result she was subject to retaliatory acts, such as an arrest on April 5, 2023. *Id*. at 25. Plaintiff alleges there were three other improper arrests between April and October 2023. *Id*. at 26.

Plaintiff alleges criminal charges were brought against her, and on October 2, 2024, a "Final Judgment in Furtherance of Justice" was entered in her favor which "dismissed all six criminal cases" against her. *Id*. at 27. Plaintiff alleges that she filed formal tort claims against

the City and County on April 2, 2025. *Id.* at 28. Plaintiff alleges she suffered the complete destruction of her business, destruction of some personal property, and suffered physical and emotional injury. *Id*. at 29. Plaintiff seeks compensatory damages in an amount exceeding $1,000,000. *Id.*

C. Analysis

Plaintiff's complaint properly contains a jurisdictional statement and demand for relief as required by Rule 8, but Plaintiff's complaint does not comply with Rule 8 in that it fails to include a short and plain statement demonstrating that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint names more than 30 Defendants, but there are sparse specific allegations against individual Defendants.

By making general allegations against more than 30 Defendants, Plaintiff's complaint is an impermissible "shotgun pleading." *See Gibson v. City of Portland*, 165 F.4th 1265, 1287-91 (9th Cir. 2026). Shotgun pleading "describes a class of defects in complaints" which includes four main types of pleading defects:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id*. at 1288. As the Ninth Circuit has explained, such pleadings fail to provide defendants with adequate notice of the claims against them; make it difficult to formulate a response; waste scarce judicial resources; and can inexorably broaden the scope of discovery. *Id.* (citations omitted). The Ninth Circuit has stated: "district courts do not have to accept such shotgun pleadings" and it is not the responsibility of the Court "to make sense of the pleading, supply facts to support the claim, or to imagine claims that might fit the facts." *Id.* at 1289.

Plaintiff's complaint does not contain clearly delineated counts setting forth the causes of action/claims. Plaintiff asserts violation of the First and Fourteenth Amendment, and it appears

she may intend for three claims – two based on the First Amendment, and a Fourteenth Amendment due process claim. But these counts are not clearly set forth, nor is it at all clear which Defendants are included in each claim. This does not put any specific Defendant on notice of the claims against them, in violation of Rule 8. *See Gibson*, 165 F.4th at 1290 ("[P]ermitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8."). As in *Gibson*, Plaintiff's pleading is deficient because, "it asserts multiple claims against multiple defendants without identifying who did what." *Id*. at 1291.

When Plaintiff does mention specific individuals in her chronology of events, the alleged constitutional claim is not clear. For example, Plaintiff mentions she emailed Dan Flores of the Sutter County Board of Supervisors in August 2021, but Plaintiff does not allege how receipt of an email by Flores violated her constitutional rights. ECF No. 1 at 23. Some Defendants appear in the factual chronology as having received a voicemail from Plaintiff. Plaintiff mentions that she spoke with Mayor Shaw on the phone in January 2022, but the constitutional claim against him is unclear. ECF No. 1 at 24. Outside the context of jails and prisons, government officials generally do not have a constitutional obligation to take particular actions to respond to threats or concerns by individuals in the community. *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195 (1989) (holding local child-protection officials did not violate the substantive component of the Due Process Clause "by failing to protect a young boy from beatings by his father that left him severely brain damaged"); *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56, 768 (2005) (holding that, despite the mandatory-sounding language in an applicable Colorado statute, a plaintiff "did not, for purposes of the Due Process Clause, have a property interest in enforcement of the restraining order against her husband").

In sum, many of the Defendants do not appear in the factual recitation at all, and as to many who do, the nature of the constitutional claim against them is unclear. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). A plaintiff alleging a claim under § 1983 must plead that (1) the defendants acting under color of state law

(2) deprived plaintiffs of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). A plaintiff alleging a claim under § 1983 must explain how specific defendants, acting under color of state law, violated his Constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff alleges in conclusory manner that over 30 Defendants violated her First and Fourteenth Amendment rights.

Many of the Defendants named do not appear to be state actors. For example, Plaintiff names Aperto Property Management, which is described as a "private corporate contractor," and some of its employees, and Telecare Corporation, described as a "private corporate mental health contractor." ECF No. 1 at 2.

Many of the events described in the complaint occurred in 2021 to 2023 and may be outside the applicable statute of limitations. "All § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022). In California, the statute of limitations for a § 1983 action is two years. *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024). This action was filed on October 5, 2026, and therefore, claims which accrued prior to October 2024 may be time-barred.

The Court finds that the complaint does not comply with Rule 8 and fails to state a claim upon which relief can be granted. Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The undersigned will provide Plaintiff an opportunity to amend the complaint to address the deficiencies set forth herein.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of

Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants acted collectively. Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. The amended complaint must contain clearly delineated claims or causes of action. Plaintiff must allege enough factual content in support of her claims to state a claim to relief that is plausible on its face. And Plaintiff's amended complaint must identify which Defendants are allegedly responsible for which acts or omissions that caused injury to Plaintiff.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint

that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: November 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE